UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-2319**

_____

SOUTHERN MANAGEMENT CORPORATION RETIREMENT TRUST,

        Plaintiff - Appellee,

    v.

CHARLES TIMOTHY JEWELL,

        Defendant – Appellant,

    and

ROBERT FULTON ROOD, IV,

        Defendant,

    and

GARY A. ROSEN,

        Trustee.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Deborah K. Chasanow, Chief District Judge.  (8:11-cv-03059-DKC; 08-17199; 09-00188)

_____

Submitted:  June 24, 2013            Decided:  July 17, 2013

_____

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles Timothy Jewell, Appellant Pro Se.  Paul Sweeney, YUMKAS VIDMAR & SWEENEY, LLC, Annapolis, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Southern Management Corporation Retirement Trust ("SMCRT") filed an adversary proceeding in the bankruptcy case of Robert F. Rood, IV, alleging that Charles Timothy Jewell, Rood, and numerous other persons and entities were liable for fraud, civil conspiracy, fraudulent conveyance of corporate assets under Maryland law, and had engaged in unauthorized transfers of assets of the bankruptcy estate. The bankruptcy court found that Jewell was liable for civil conspiracy in the amount of $500,000, and for fraudulent conveyance of corporate assets in the amount of $7,100. The district court affirmed this judgment, and Jewell noted his further appeal to this court. Finding no error and no abuse of discretion, we affirm the judgment of the bankruptcy court.

Jewell challenged the admission into evidence of a document dated April 2006, that proposed to award him shares in Kore Holding, Inc., a company controlled by Rood, in exchange for consulting services. He contends that the document was not signed and executed, and therefore was not admissible. Because the document was not admitted for the purpose of showing that Jewell received the stock, but rather to refute his contention that he had no business relationship with Kore Holding or Rood prior to April 2008, we find no abuse of discretion by the

bankruptcy court in admitting this evidence.  See Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999).

Jewell also contends that the bankruptcy court erred by allowing Suzanne Hillman to testify as an expert in forensic accounting, and admitting into evidence a document entitled "Supplement to Expert Report."  The admission of the Expert Report was stipulated, and the Supplement to the Expert Report was admitted into evidence without objection.  A party waives appellate review of a court's decisions concerning the admission of evidence if he fails to timely object to those rulings at trial.  See Fed. R. Evid. 103(a); DiPaola v. Riddle, 581 F.2d 1111, 1113 (4th Cir. 1978).  Here, Jewell voiced no objection to the admission of the expert report or the supplement to the expert report.  Thus, he failed to preserve for appeal any challenge to the admission of this evidence.

Jewell also challenges the bankruptcy court's qualification of Hillman as an expert in forensic accounting. Hillman was initially so qualified during the hearing on the motion for a preliminary injunction.  Jewell failed to object at that time to her qualifications to testify as an expert. During the trial when SMCRT sought to present her testimony as an expert, Jewell challenged her qualifications based on the fact that her website did not identify her as an expert in forensic accounting and questioning her objectivity, given her

4

relationship to David Hillman, the CEO of SMCRT. Jewell also questioned whether Hillman had prior knowledge of the loans involved in this case. Hillman testified that she did not have information concerning the loans until after the case began and she received the materials in response to the subpoenas to the banks. Hillman also explained that her function in the case was merely to record the financial transactions: "It's fairly black and white. Either a check goes through the account and clears or it does not. There's not a lot of interpretation on that."

This court reviews the lower court's decision to admit expert testimony under Fed. R. Evid. 702 for abuse of discretion. United States v. Wilson, 484 F.3d 267, 273 (4th Cir. 2007) (citing Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999)). Here, the bankruptcy court had reviewed Hillman's experience and expertise during the preliminary injunction hearing and found that she qualified to testify as an expert in forensic accounting. Faced with the challenges to her objectivity and the fact that her website failed to list her as a forensic accountant, the bankruptcy court found these objections insufficient to overcome the determination that Hillman qualified as an expert. We find no abuse of discretion in the bankruptcy court's decision to qualify Hillman as an expert. See United States v. Johnson, 617 F.3d 286, 293 (4th Cir. 2010) (noting the process of forensic data extraction

requires "some specialized knowledge or skill or education that is not in the possession of the jurors").

Jewell also contends that his defense was prejudiced by the bankruptcy court's decision to prohibit him from calling Rood as a witness in his defense in accordance with the court's decision to preclude Rood from testifying in the adversary proceeding due to Rood's numerous discovery violations. This court reviews the decision to sanction a party for discovery violations for abuse of discretion. Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). Factors to consider in reviewing a discovery sanction are whether the violations were done in bad faith, any prejudice to other parties, the need for deterrence, and whether a less severe sanction would be effective. Southern States Rack & Fixtures, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).

The relevant inquiry as applied to Jewell is whether Jewell was prejudiced by the refusal to allow Rood to testify. The court heard arguments from both parties, with Jewell asserting that Rood was a necessary witness. When asked for a proffer of what testimony Jewell sought from Rood, he asserted that Rood could testify about the operations of Kore Holdings, his interactions with Jewell, and the timing of when Jewell started working with Kore and Rood. Jewell also sought Rood's

6

testimony concerning "what happened with Bay Capital and Ben Lyons since [Jewell] wasn't involved in any of that."

The bankruptcy court noted that Jewell had personal knowledge of and would be able to testify as to all of the areas for which he sought Rood's testimony. Thus, the bankruptcy court adhered to its ruling prohibiting Rood from testifying. Jewell then rested his defense case without testifying. We conclude that Jewell has not shown any prejudice from the bankruptcy court's refusal to allow him to call Rood as a witness. As the court noted, Jewell had personal knowledge of and could testify concerning all of the areas for which he sought to present Rood's testimony — with the exception of "what happened with Bay Capital and Ben Lyons." However, Jewell was not held accountable for any fraudulent conduct that occurred with respect to Bay Capital, and therefore he was not prejudiced by not being able to present this evidence. Because Jewell cannot show he was prejudiced by the disallowance of Rood's testimony, we find no abuse of discretion by the bankruptcy court's refusal to allow Jewell to call Rood as a witness. See Camper v. Home Quality Mgmt., Inc., 200 F.R.D. 516, 518 (D. Md. 2000).

Jewell also challenges whether there was sufficient evidence from which the court determined that he was liable for fraud and civil conspiracy. To uphold the determination that

Jewell was involved in civil conspiracy, the evidence must establish that Jewell agreed with one or more other persons "to accomplish an unlawful act or to use unlawful means to accomplish an act not itself illegal" and that the act or means employed resulted in loss or damage to the plaintiff. Mackey v. Compass Mktg., Inc., 892 A.2d 479, 485 (Md. 2006). Jewell's conviction may also be upheld upon a finding that he knew of a violation of law and gave substantial assistance or encouragement to the persons engaging in the conduct. See Alleco, Inc. v. Harry & Jeannette Weinberg Found., Inc., 665 A.2d 1038 (Md. 1995).

We have reviewed the evidence in light of these standards and have determined that the bankruptcy court did not err in finding Jewell liable for civil conspiracy in the amount of $500,000. See Fed. R. Bankr. P. 8013; Loudoun Leasing Dev. Co. v. Ford Motor Credit Co. (In re K & L Lakeland, Inc.), 128 F.3d 203, 206 (4th Cir. 1997). Accordingly, we affirm the district court's order upholding the bankruptcy court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED